UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ISRRAEL PALACIOS MAHUITZL,   :

            Petitioner   :   CIVIL ACTION NO. 3:26-759

     v.   :   (JUDGE MANNION)

WARDEN, Pike County   :
Correctional Facility, *et al.*,

                 :

          Respondents

## MEMORANDUM

Pending before the court is petitioner Isrrael Palacios Mahuitzl's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (**Doc. 1**). For the reasons stated herein, Palacios Mahuitzl's petition will be **GRANTED** insofar as it requests a bond hearing.

## I.   BACKGROUND

Petitioner Isrrael Palacios Mahuitzl is a citizen of Mexico. (Doc. 4-2 at 3). He was twice encountered by border patrol—on August 27, 1999, and May 17, 2003—before voluntarily returning to Mexico. *Id.* at 4. However, since his last return to Mexico, he reentered the United States at an unknown date and time. He is the husband and father of United States citizens. *Id.* at 5. He has resided in the Wilkes-Barre area. (Doc. 1 at 11).

On May 18, 2023, Palacios Mahuitzl was arrested by the Pennsylvania State Police for repairs/sales of offensive weapons, possession of marijuana, and vehicle code violations. (Doc. 4-2 at 5). He pleaded guilty to the charges and enrolled in the Pennsylvania Accelerated Rehabilitation Program. *Id.*

On October 10, 2023, Palacios Mahuitzl was again arrested by the Pennsylvania State Police for driving under the influence. *Id.* He pleaded guilty and was sentenced to six months of probation. *Id.*

On December 31, 2025, Palacios Mahuitzl was detained by Immigration and Customs Enforcement ("ICE") officers after a dispute with a neighbor. *Id.* at 4. He was then issued a Notice to Appear charging him with removability as an immigrant not in possession of valid entry documents, in violation of §§212(a)(6)(A)(i) and (a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). *Id.* He has since been detained at the Pike County Correctional Facility in Lords Valley, Pennsylvania.

On March 24, 2026, Palacios Mahuitzl filed the present petition for a writ of habeas corpus. (Doc. 1). On April 15, 2026, Respondents filed their response to the petition. (Doc. 4). Finally, on April 29, 2026, Palacios Mahuitzl filed his reply to their response. (Doc. 5). The motion is thus ripe for disposition.

## II.    LEGAL STANDARD

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3).

Furthermore, "[i]t is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody." *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). However, "[w]ith respect to certain factual issues, the burden of proof may be shifted to the state because of specific policy considerations or because the available evidence is likely to be in the hands of the state." *Id.*

## III.    DISCUSSION

### a. Jurisdiction

The court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited is some circumstances by 8 U.S.C. §§1252(g), (b)(9), and (a)(2)(B)(ii).

§1252(g) states "[e]xcept as provided in this section and notwithstanding any other provisions of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence

- 3 -

proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. §1252(g). Here, the court's jurisdiction is not barred by §1252(g) as the petition neither challenges the commencement of removal proceedings, the Attorney General's decision to adjudicate, nor the execution of a removal order. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (finding that §1252(g)(2) divests the court of jurisdiction "only to [these] three discrete actions").

§1252(b)(9) states "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceedings brought to remove an alien from the United States . . . shall be available only on judicial review of a final order [of removal]." 8 U.S.C. §1252(b)(9). Here, the court's jurisdiction is not barred by §1252(b)(9) as the petition does not seek review of any law or fact arising from a removal proceeding. *See E.O.H.C. v. Sec'y United States Dept. of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (finding that §1252(b)(9) "does not reach claims that are independent of, or wholly collateral to, the removal process").

§1252(a)(2)(B)(ii) prohibits district courts from reviewing discretionary detention choices of the Attorney General or Secretary of Homeland Security. 8 U.S.C. §1252(a)(2)(B)(ii). Here, the court's jurisdiction is not barred by §1252(a)(2)(B)(ii) as the petition does not challenge a

- 4 -

discretionary detention choice. *See Patel v. O'Neil*, 2025 WL 3516865, at \*3 (M.D.Pa. Dec. 8, 2025) ("section 1252(a)(2)(B)(ii) is inapposite because the Respondents' 'statutory detention power is "not a matter of discretion" to which §1252(a)(2)(B)(ii) applies'") (internal citations omitted).

Finally, courts considering the issue of whether a petitioner is being wrongfully detained without a bond hearing "have almost universally held that they have jurisdiction," and, therefore, that §§1252(g), (b)(9), and (a)(2)(B)(ii) do not apply. *Patel*, 2025 WL 3516865 at \*3.

### b. Exhaustion of administrative remedies

"A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, 2025 WL 3772059, at \*3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at \*3 (E.D.Pa. Nov. 14, 2025)). Here, further administrative review would be pointless, as Palacios Mahuitzl is detained under 8 U.S.C. §1225(b)(2)(A), which precludes immigration judges from holding a bond hearing. *See id.*; *see also Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) (holding that an immigration judge "has no authority to consider bond requests for any person who entered the United States without admission").

### c. 8 U.S.C. §1226(a) applies to Palacios Mahuitzl

Respondents argue that Palacios Mahuitzl is subject to mandatory detention pursuant to 8 U.S.C. §1225(b)(2)(A), which does not allow for courts to hold a bond hearing. Palacios Mahuitzl, on the other hand, argues that his detention under §1225(b)(2)(A) violates the INA and his procedural due process rights, and that he is subject to discretionary detention under 8 U.S.C. §1226(a), which would entitle him to a bond hearing.

Courts nationwide, including this court, have been dealing with the very issue presented in this case. Namely, whether a noncitizen habeas petitioner who has been residing in the United States for some time is subject to the mandatory detention provision of §1225(b)(2)(A). As noted by the Honorable Robert D. Mariani:

> The overwhelming majority of federal district courts that have addressed this issue have interpreted the INA to find that persons similarly situated to Petitioner—noncitizens who previously entered the United States and are currently residing in the United States—are not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A) but instead are subject to the discretionary detention pursuant to 8 U.S.C. §1226(a) and accordingly are entitled to a bond hearing.

*Patel*, 2025 WL 3516865 at *4 (citing *Demirel v. Fed. Det. Ctr. Philadelphia*, 2025 WL 3218243, at *1 ("Although there is no apposite appellate authority,

- 6 -

there are 288 district court decisions addressing this issue. In all but six, the Government's interpretation of the INA—the same interpretation it urges here—was rejected")). The undersigned has consistently joined in this consensus interpretation and will continue to do so. Indeed, the Government notes that it "recognizes that this Court and other jurists of this District have recently rejected Respondent's arguments related to the proper detention of petitioners such as [Palacios] Mahuitzl." (Doc. 4 at 2).

For §1225(b)(2)(A) to apply: "(1) there must be an 'examining immigration officer' who determines; (2) that an 'applicant for admission'; (3) is 'seeking admission'; and (4) 'not clearly and beyond a doubt entitled to be admitted.'" *Bethancourt v. Soto*, 2025 WL 2976572, at *5 (D.N.J. Oct. 22, 2025) (citing 8 U.S.C. §1225(b)(2)(A)).

The consensus view of the courts is that "seeking admission" requires "active and ongoing conduct, such as physically attempting to come into the United States at a border or port of entry." *Gonzalez Centeno v. Lowe*, 2026 WL 94642, at *3 (M.D.Pa. Jan. 13, 2026) (quoting *Quispe v. Rose*, 2025 WL 3537279, at *5 (M.D.Pa. Dec. 10, 2025)). An individual affirmatively "seeking admission" should not be confused as being the same as an "applicant for admission." *See* Patel, 2025 WL 3516865 at *5 (finding that such an interpretation of "seeking admission" violates the rule against surplusage).

Therefore, because "seeking admission" applies to individuals in an affirmative act, §1225(b)(2)(A) does not apply to "noncitizens . . . who have resided in the United States for years." *Id.*

As for §1226(a), it allows for the Attorney General to arrest and detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. §1226(a). Pending that decision, the Attorney General "(1) may continue to detain the arrested alien; and (2) "may release the alien on . . . bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or . . . conditional parole." 8 U.S.C. §1226(a)(1)-(2). Where an alien is detained under §1226(a), they are still entitled to a bond hearing where they can argue why they should be released from detention pending a final order of removal. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021); *see also Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 277-80 (3d Cir. 2018) (holding that individuals detained under §1226(a) are entitled to a bond hearing, but not entitled to a second bond hearing after their first has been denied).

Here, Palacios Mahuitzl has been living in the United States for an unknown duration. (Doc. 4-2 at 5). He was taken into immigration custody on December 31, 2025. *Id.* at 4. Therefore, he is not "seeking admission" as

- 8 -

defined by §1225(b)(2)(A). Accordingly, 8 U.S.C. §1226(a) applies. Furthermore, because of his improper detention under §1225(b)(2), he has not yet been provided with a bond hearing. Thus, he is entitled to one.

### d. Palacios Mahuitzl's detention under 8 U.S.C. §1225(b)(2)(A) does not violate due process

The Fifth Amendment protects against deprivation "of life, liberty, or property without due process of law. U.S. Const. amend. V. This protection "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

To determine whether a habeas petitioner's detention under §1225(b)(2)(A) violates due process, courts weigh three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Application of the factors reveals no violation of due process. First, the "most elemental of liberty interest[s]—the interest in being free from physical

detention"—is implicated. *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). Second, Palacios Mahuitzl's erroneous detention under §1225(b)(2)(A) comes with a lack of procedural safeguards, including the opportunity for a bond hearing, which makes it extraordinarily difficult to challenge his detention. *Cunin v. McShane*, 2025 WL 3542999, at *2 (M.D.Pa. Dec. 10, 2025) ("There is a certainty—not merely a risk—that the failure to grant [petitioner] a bond hearing would unlawfully deprive him of the opportunity to make the case for his release and incarcerate him indefinitely"). However, third, the Government has an interest in detaining noncitizens "to ensure [their] appearance . . . at future immigration proceedings and to prevent danger to the community." *Quispe*, 2025 WL 3537279 at *7 (citing *Zadvydas*, 533 U.S. at 690). Palacios Mahuitzl has a criminal history involving drug, weapons, and driving offenses. (Doc. 4-2 at 5). He also has voluntarily removed himself from the United States and then later illegally reentered twice. *Id.* at 4.

Thus, upon weighing of the *Mathews* factors, the court finds that Palacios Mahuitzl's continued detention under §1225(b)(2)(A) does not violate his procedural due process rights. Therefore, while he is entitled to a bond hearing under §1226(a) because of his improper detention under §1225(b)(2)(A) in violation of the INA, he is not entitled to release by this

- 10 -

court at this time. That determination will be better made by the immigration judge at Palacios Mahuitzl's bond hearing.

### e. EAJA fees and costs

Palacios Mahuitzl will be permitted to file a motion for costs and fees pursuant to the Equal Access to Justice Act ("EAJA") within thirty days of the entry of this judgment. *See Michelin v. Warden Moshannon Valley Correctional Center*, --F.4th--, 2026 WL 263483 (3d Cir. Feb. 2, 2026) (holding that a petition for a writ of habeas corpus from immigration detention under §2241 is an EAJA "civil action," entitling petitioners to attorneys' fees and costs if the Government's position was not "substantially justified").

## IV.  CONCLUSION

For the foregoing reasons, Palacios Mahuitzl's petition for a writ of habeas corpus under 28 U.S.C. §2241 will be **GRANTED** insofar as it requests a bond hearing. Because Palacios Mahuitzl's detention falls under 8 U.S.C. §1226(a), the Government will be required to provide him with a bond hearing within fourteen days.

**MALACHY E. MANNION**
**United States District Judge**

DATE: 4/30/26
26-759-01

- 11 -